OPINION

WEIS, Circuit Judge.
In March 1999, K.P. was a student at the Deptford Township High School and a member of the track team. She alleges that after practice one day she was sexually assaulted by the coach, defendant Corsey.
Plaintiff and her parents filed suit in state court asserting federal claims under Title IX, 20 U.S.C. § 1681, 42 U.S.C. § 1983, and state counts under the New Jersey Law Against Discrimination (“N.J.L.A.D.”), N.J.S.A. 10:5-1, et. seq., and N.J.S.A. 2A:61B-1. The defendant school district removed the case to the United States District Court for the District of New Jersey.
Plaintiffs dismissed the claim against Corsey and, relying on Title IX principles, the District Court granted summary judgment for the other defendants. Plaintiffs have appealed only the judgment in favor of the school board under the N.J.L.A.D. They contend that we should reject the District Court’s application of Title IX principles to the state claims in this case or, in the alternative, certify the issue to the New Jersey Supreme Court. The District Court recognized that the New Jersey Supreme Court has held an employer liable for sexual harassment in the workplace. Lehmann v. Toys ‘R Us, Inc., 132 N.J. 587, 626 A.2d 445 (N.J.1993). The New Jersey Court has yet to extend that holding to the public school context.
In the absence of controlling state law, the District Court turned to the analogous federal statute, Title IX, and its pertinent interpretations by the United States Supreme Court. The Court has held that Title IX prohibits the application of agency principles and the common law vicarious liability doctrine in the public school context. Gebser v. Lago Vista Independent School District, 524 U.S. 274, 283, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). In doing so, the Court decided that actual notice and deliberate indifference on the part of an appropriate person were required to impose Title IX liability on a school district for the derelictions of a teacher. Id. at 292-93, 118 S.Ct. 1989.
The District Court observed that here no such evidence had been produced and, consequently, the school board was entitled to summary judgment under Title IX. After disposing of the federal claims, the District Court had to decide if it should address the novel issue of whether the plaintiff’s claims were cognizable under the N.J.L.A.D.
At the time the District Court decided to do so, it did not have the benefit of our recent opinion in DeAsencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir.2003). In that case, we held that the District Court should not have exercised supplemental jurisdiction over state law claims which were not congruent with the pleaded federal counts. We observed that 28 U.S.C. § 1367 specifies the limited circumstances where the District Court may decline pendent jurisdiction, such as where the claim raises a novel or complex issue of *613 state law, state law substantially predominates over the federal issue, the District Court has dismissed claims over which it had original jurisdiction, or, in exceptional circumstances, where there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367©)(l-4). See also United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478 (3d Cir.1998); Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir.1995).
The question before us at this point is whether the state law claims here should have been remanded to the New Jersey courts. It is interesting that in Gebser, where the circumstances were similar to those here, after concluding that Title IX did not apply to a sexual harassment claim, the District Court remanded the remaining state law issue to the state forum.
We are persuaded that how the N.J.L.A.D. applies to the facts in this case is a novel and complex issue of state law. Although Lehmann v. Toys ‘R Us, Inc., 132 N.J. 587, 626 A.2d 445 (N.J.1993), established the applicability of the statute in the employment setting, the relationship between a school board and students is quite different. In Frugis v. Bracigliano, 177 N.J. 250, 827 A.2d 1040, 1050 (N.J. 2003), the New Jersey Court articulated the duty owed by school officials to the children in their care. Although that case has several distinguishing features, the general tone of the opinion leaves some doubt in ora’ minds that the New Jersey courts would apply the reasoning of Gebser to the N.J.L.A.D. We point out that Frugis is also a very recent case and was not available to the District Court at the time it reached its decision.
We recognize that New Jersey has adopted Title VII standards in employment cases. See Lehmann, 626 A.2d at 452. But whether analogous federal standards will be followed in a school-based sexual harassment claim under the N.J.L.A.D. is an open issue that implicates both legal and public policy concerns. It seems clear that the defendant school district had in effect a zero-tolerance policy against sexual harassment. Whether that policy protects the taxpayers against monetary claims by students remains a balancing process which should properly be decided by the state courts. See Frugis, 827 A2d at 1054 (discussing New Jersey public policy of placing limitations on liability of public entities). A disposition of the issue may also benefit from further factual development on the relationship between an athletic coach and team members as contrasted with that of a teacher and a student. See State v. Buscham, 360 NJ.Super. 346, 823 A.2d 71 (N.J.Super.Ct.App.Div.2003).
In view of the foregoing uncertainties about applicable state law, we conclude that failing to remand the state law issues to the state courts was not a proper exercise of discretion under the circumstances.
Although at this point the parties may prefer to have the question certified to the New Jersey Supreme Court, we feel that the case should proceed in the regular fashion through the Superior Court. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (“Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.”). We observe also that the Federal Court Study Committee concluded that, “[i]n order to minimize friction between state and federal courts, Congress should direct federal courts to dismiss state law claims if these *614 claims predominate or if they present novel or complex questions of state law....” Report of the Federal Court Study Committee 47-48 (1990).
Accordingly, we will reverse the judgment as to the N.J.L.A.D., and remand the case to the District Court with instructions to remand the claims under the N.J.L.A.D. to the state courts.